982 F.2d 525
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Harold FELKER, Appellant,
v.
Steve LONG; Dale Riley; Michael Groose; Bill Armontrout, Appellees.
 No. 92-3287.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 7, 1993.
Filed: January 13, 1993.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harold Felker, a Missouri inmate, appeals from the district court's[1] 28 U.S.C. § 1915(d) dismissal of his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 In July 1992 Felker filed a complaint against several prison officials at the Jefferson City Correctional Center (JCCC). He challenged-on equal protection, due process, and Eighth Amendment grounds-defendants' continued denial of reclassification and transfer to a lower-security level institution based on his 1983 conduct violation for attempted escape. He claimed defendants created a protected liberty interest by publishing a policy that inmates with escape violations are eligible for transfer to institutions with a lower security classification level. The district court dismissed the action as frivolous.
 
 
 3
 Felker's complaint is frivolous because it lacks an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Inmates do not have a constitutional right to be housed in a particular state institution. "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." Meachum v. Fano, 427 U.S. 215, 225 (1976). Just as Felker has no constitutional right to avoid transfer, he has no such right to obtain transfer. "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." Id.
 
 
 4
 Moreover, the regulation Felker relies on does not create a liberty interest: the regulation does not use mandatory language which would require a decision-maker to transfer him to a lower-security institution. See Olim v. Wakinekona, 461 U.S. 238, 249-51 (1983) (regulations creating liberty interest must contain particularized substantive standards or criteria significantly guiding decision-makers, and use mandatory language requiring decision-makers to act in certain way).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri